1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>     v.<br><br>LETICIA PINEDA, formerly known as<br>Ricardo Pineda,<br><br>                              Defendant. | NO:  2:15-CR-84-RMP<br><br>ORDER MEMORIALIZING ORAL<br>RULING |

The Court held Defendant Leticia Pineda's sentencing hearing on February 9,

2016. During Defendant's sentencing hearing, the Court orally ruled on

Defendant's Motions for Downward Departure, **ECF Nos. 30 and 31**. Defendant

was present and represented by Assistant Federal Defender John B. McEntire, IV.

The Government was represented by Assistant United States Attorney Stephanie

Van Marter. This Order is entered to memorialize the Court's oral rulings.

## FAMILY CIRCUMSTANCES

Defendant moved for a downward departure under U.S.S.G. § 5H.16 on the

basis that any incarceration of Defendant would wreak "extraordinary destruction

ORDER MEMORIALIZING ORAL RULING ~ 1

on dependents who rely solely on the defendant" for their care. ECF No. 31 at 2–3 (quoting *United States v. Johnson*, 964 F.2d 124, 129 (2d Cir. 1992)). Defendant argued that Defendant "is an irreplaceable caretaker for her mother, Maria Garcia." *Id.* at 3. Defendant noted that Ms. Garcia suffers from a variety of physical and mental health conditions and that Defendant is Ms. Garcia's exclusive caretaker. *Id.* Further, Defendant contended that there are no other family members that can replace Defendant's caretaking responsibilities. *Id.*

The Court found that Defendant was not an irreplaceable caretaker for her mother. The Court noted that Ms. Garcia had options available to her during Defendant's incarceration, including receiving assistance from family members in Moses Lake or Wellpinit, Washington or from the state government. Further, the Court was troubled by the lack of objective medical corroboration in the record for Ms. Garcia's alleged conditions. *See id.* (noting that an exact diagnosis is unknown for Ms. Garcia's mental health disorder). The Court concluded that Defendant's incarceration would not constitute an insurmountable hardship to Ms. Garcia, and consequently denied Defendant's motion for downward departure.

## OVER-REPRESENTATIVE CRIMINAL HISTORY

Defendant moved for a downward departure under U.S.S.G. § 4A1.3(b)(1) on the basis that Defendant's criminal history category substantially over-represented the seriousness of her criminal history. ECF No. 30. Due to the early relevant conduct date of Defendant's offense, Defendant had seven criminal history points,

ORDER MEMORIALIZING ORAL RULING ~ 2

1  resulting in a Criminal History Category of IV. ECF No. 25 at 15. Defendant

2  argued that four of Defendant's criminal history points are for conduct that

3  occurred when Defendant was a minor, over eighteen years ago. ECF No. 30 at 2.

4  Further, Defendant noted that the convictions were for driving with license

5  suspended offenses. *Id.* at 3. Defendant concluded that a downward departure was

6  warranted, and requested that the Court drop Defendant's Criminal History

7  Category from a IV to a II. *Id.* at 5.

8       The Court found that a Criminal History Category of IV substantially over-

9  represented the seriousness of Defendant's criminal history. The Court noted that

10 the three convictions occurred in 1998, when Defendant was seventeen years old.

11 Further, the Court found that the three convictions would not have been counted

12 but for the early relevant conduct date of Defendant's offense. Finally, the Court

13 concluded that, as dated traffic offense convictions accrued when Defendant was a

14 juvenile, the three convictions resulted in a Criminal History Category that

15 substantially over-represented the seriousness of Defendant's criminal history.

16 Therefore, the Court shifted Defendant's Criminal History Category from a IV to a

17 II, with a new guideline range of 12-18 months.

18      Accordingly, **IT IS HEREBY ORDERED**:

19      1. Defendant's Motion for Downward Departure Based on Overrepresented

20         Criminal History, **ECF No. 30**, is **GRANTED**.

21

ORDER MEMORIALIZING ORAL RULING ~ 3

2.  Defendant's Motion for Downward Departure Based on Family

Circumstances, **ECF No. 31**, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to

counsel.

**DATED** this 10th day of February, 2016.


*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER MEMORIALIZING ORAL RULING ~ 4